UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

August 6, 2014

Nicole Davis
P.O. Box 2995
Annapolis, MD 21404

Gabriel R. Deadwyler, Esquire
Social Security Administration
6401 Security Boulevard Room 617
Baltimore, MD 21235

RE: *Nicole Davis o/b/o R.D. v. Commissioner, Social Security Administration*;
Civil No. SAG-13-2851

Dear Ms. Davis and Counsel:

On September 27, 2013, Plaintiff, Nicole Davis, on behalf of her minor son, R.D., petitioned this Court to review the Social Security Administration's final decision to deny her claim for Supplemental Security Income ("SSI"). (ECF No. 1). I have considered the parties' cross-motions for summary judgment.[1] (ECF Nos. 16, 18). I find that no hearing is necessary. Local Rule 105.6 (D. Md. 2011). This Court must uphold the decision of the agency if it is supported by substantial evidence and if the agency employed proper legal standards. 42 U.S.C. §§ 405(g), 1383(c)(3); *see Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will grant the Commissioner's motion and deny Plaintiff's motion. This letter explains my rationale.

Ms. Davis filed her claim on November 5, 2010, alleging disability beginning on September 5, 2010.[2] (Tr. 144-52). Her claim was denied initially on February 17, 2011. (Tr. 92-95). Thereafter, she filed a written request for a hearing on March 16, 2011. (Tr. 98). A hearing was held on April 3, 2012, before an Administrative Law Judge ("ALJ"). (Tr. 29-52).

---

[1] Ms. Davis was required to file her motion for summary judgment by March 3, 2014, and did not do so. *See* (ECF No. 14). On May 2, 2014, the Court sent Ms. Davis a Rule 12/56 letter advising her of the potential consequences if she did not file an opposition to the Commissioner's motion. (ECF No. 17). In response, on May 19, 2014, Ms. Davis filed a "Motion for Summary Judgment." (ECF No. 18). While her motion is technically untimely, in light of her *pro se* status, I have considered her motion in full, because it was filed within her allotted time for responding to the Commissioner's motion

[2] Ms. Davis previously filed an application for SSI on behalf of R.D. on January 23, 2007. (Tr. 78). That application was denied initially and on reconsideration. *Id.* A hearing was held on June 9, 2009, and the ALJ later denied the claim in a written decision. (Tr. 78-90). After that unfavorable decision, the instant claim was filed under a new application.

*Nicole Davis o/b/o R.D. v. Commissioner, Social Security Administration*;
Civil No. SAG-13-2851
August 6, 2014
Page 2

Following the hearing, on May 8, 2012, the ALJ determined that R.D. was not disabled during the relevant time frame. (Tr. 10-25). The Appeals Council denied Ms. Davis's request for review, (Tr. 1-5), so the ALJ's 2012 decision constitutes the final, reviewable decision of the agency.

The ALJ determined that R.D. had the following severe impairments: attention deficit hyperactive disorder ("ADHD"), oppositional defiant disorder, and academic underachievement. (Tr. 16). The ALJ determined that the impairments, though severe, did not result in extreme or marked limitations in the six functional domains, and that R.D. was not therefore disabled. (Tr. 16-25).

On appeal, Ms. Davis alleges that the ALJ incorrectly assessed her son's condition by basing his decision on incomplete evidence. (ECF No. 18). Ms. Davis attached three exhibits: (1) a November 7, 2001 treatment note documenting R.D.'s birth by caesarean section and mentioning a prior maternal serum alpha-fetoprotein screening test ("MS-AFP") indicating an elevated risk of Down syndrome; (2) a July 3, 2012 Service Delivery Grievance filed with the Missouri Department of Social Services, alleging physical and sexual abuse of R.D. while in the state's care; and (3) a November 20, 2006 Hearing and Speech Language Evaluation form from Children's Mercy Hospitals & Clinics. *Id.* Ms. Davis's argument lacks merit.

I have carefully reviewed the ALJ's opinion and the entire record. *See Elam v. Barnhart*, 386 F. Supp. 2d 746, 753 (E.D. Tex. 2005) (mapping an analytical framework for judicial review of a *pro se* action challenging an adverse administrative decision, including: (1) examining whether the Commissioner's decision generally comports with regulations, (2) reviewing the ALJ's critical findings for compliance with the law, and (3) determining from the evidentiary record whether substantial evidence supports the ALJ's findings). For the reasons set forth below, I find that the ALJ's decision is supported by substantial evidence.

At step one, the ALJ ruled in R.D.'s favor, finding that he had not engaged in substantial gainful activity after the application date. (Tr. 16). The ALJ's subsequent evaluation addresses each of the impairments R.D. suffered during the relevant time frame. (Tr. 16-25). As noted above, the ALJ concluded, at step two, that three of R.D.'s impairments were severe. (Tr. 16). At step three, the ALJ determined that R.D.'s impairments did not meet, or medically equal, the specific requirements of the mental impairments listed in sections 112.01 through 112.12. *Id.* I agree that no Listings are met.

In assessing whether R.D.'s impairments functionally equaled any listings, the ALJ thoroughly analyzed the evidence of record, including Ms. Davis's statements regarding R.D.'s intellectual abilities, emotional outbursts, academic performance, and traumatic family history; his mental health treatment records; the testimony of the medical expert; and the various medical opinions regarding R.D.'s mental health. (Tr. 16-20). Although the record evidences R.D.'s mental impairments, there is substantial evidence to suggest that R.D.'s condition is improving. *See* (Tr. 18-19) (citing treatment notes indicating that R.D. and his mother reported improvement in his mood and behavior). A state agency psychologist, after conducting an independent

evaluation of the evidence, noted that R.D. responded well to treatment and had no marked impairment in functioning. (Tr. 19) (citing Tr. 266-72). In finding no listing-level functional limitations, the ALJ primarily relied on the medical opinions of Drs. Lang, Malanchuravil, and Isenberg, because their opinions were consistent with the medical evidence of record and R.D.'s own testimony. (Tr. 20). The ALJ gave little weight to the testimony of Dr. Morales because of its inconsistency with R.D.'s medical records and behavioral improvement. (Tr. 19). Importantly, the ALJ noted the opinions of R.D.'s doctors, which indicate that R.D. has the capacity for future improvement and success if he adheres to prescribed individual and family therapy and receives continued support from his mother. (Tr. 19). I find no reason for remand in the ALJ's analysis of the evidence and weighing of the various medical opinions.

In addition, the ALJ analyzed Ms. Davis's subjective complaints regarding R.D.'s impairments. (Tr. 19-20). The ALJ found Ms. Davis's statements concerning the intensity, persistence, and limiting effects of R.D.'s symptoms not wholly credible. (Tr. 19). The ALJ considered testimony from Ms. Davis that conflicted with the opinion of R.D.'s treating psychologist, and, further, noted inconsistencies between her hearing testimony and her reports with R.D.'s treating physicians. (Tr. 19-20). Correctly, the ALJ that he could not rely on Ms. Davis's testimony to establish R.D.'s alleged disability because she is not considered an "acceptable medical source" under SSR 06-03p, she is not a disinterested third party, and because her testimony was at odds with the preponderance of medical testimony from doctors in this case. (Tr. 20).

Finally, the ALJ analyzed R.D.'s performance under six functional equivalence domains: "Acquiring and Using Information," "Attending and Completing Tasks," "Interacting and Relating with Others," "Moving About and Manipulating Objects," "Caring for Yourself," and "Health and Physical Well-Being." (Tr. 20-25). To arrive at his conclusions, the ALJ reviewed the medical evidence, R.D.'s testimony, and school records. (Tr. 21-22). The ALJ found that R.D. had a "less than marked" limitation in each of the first three areas. (Tr. 20-23). Specifically, in regards to "Acquiring and Using Information," the ALJ wrote that R.D. is "very perceptive and has a noticeably above average cognitive ability." (Tr. 21). In making his determination, the ALJ considered R.D.'s medical records—which demonstrated that he is perceptive, functions with above average intellectual and cognitive ability, possess strong verbal skills, and attains above average grades—to make this conclusion. (Tr. 21). As to "Attending and Completing Tasks," the ALJ consulted medical and educational records to determine that R.D. completes classroom work on time, remains on task, and works independently. (Tr. 22). With respect to "Interacting and Relating with Others," the ALJ believed that R.D.'s medical records showed continuous improvement and noticeable gains in interacting with others and controlling his behavior. (Tr. 23). The ALJ found no limitations in the last three areas. (Tr. 23-25).

My review of the ALJ's decision is confined to whether substantial evidence supports the decision and whether correct legal standards were applied. *Richardson v. Perales*, 402 U.S. 389, 390, 404 (1971). Even if there is other evidence that may support Ms. Davis's position, I am not permitted to reweigh the evidence or to substitute my own judgment for that of the ALJ. *Hays v.*

*Nicole Davis o/b/o R.D. v. Commissioner, Social Security Administration*;
Civil No. SAG-13-2851
August 6, 2014
Page 4

*Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990).  In considering the entire record, I find that the ALJ's conclusions as to R.D.'s functional abilities are supported by substantial evidence.

It is worth noting that the three additional documents Ms. Davis submitted with her Motion for Summary Judgment contribute no additional compelling information to upset the ALJ's ultimate determination.  (ECF No. 18).  First, the November 7, 2001 History and Physical report from Research Medical Center indicates that while pregnant with R.D., Ms. Davis declined genetic counseling for a MS-AFP that was positive for Down syndrome; however, the medical evidence on the record does not demonstrate that R.D. suffers from Down syndrome or had any related developmental delays.  In addition, it shows that R.D. was delivered by caesarian section because Ms. Davis had two earlier caesarian sections; importantly, the medical evidence on the record suggests no resulting complications from this method of birth.  The report provides no information that would have led the ALJ to a different conclusion.  Second, the July 3, 2012 Service Delivery Grievance filed with the Missouri Department of Social Services, alleging physical and sexual abuse of R.D. while in the state's care, does not indicate that the alleged incidents contributed to, exacerbated, or otherwise prevented the improvement of the severe mental impairments diagnosed by R.D.'s doctors and found by the ALJ.  Last, the November 20, 2006 Hearing and Speech Language Evaluation form does not undermine the ALJ's determination, as it indicates, "[R.D.]'s prognosis for achieving age-appropriate speech and language skills with skilled intervention is judged to be excellent."  In addition, the evaluation from 2006 was made nearly four years before R.D.'s alleged disability onset date, and is superseded by more recent, relevant opinions from several doctors and professionals, including 2011 and 2012 assessments and testimony by Drs. Lang and Malanchuravil and the state non-examining physician.  (Tr. 19-20).  In conclusion, these three documents neither indicate nor suggest that R.D. has an impairment or combination of impairments that result in either marked or extreme limitations.

For the reasons set forth herein, Plaintiff's motion for summary judgment (ECF No. 18) will be DENIED and the Commissioner's motion for summary judgment (ECF No. 16) will be GRANTED.  The Clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as an opinion.  An implementing Order follows.

Sincerely yours,

/s/

Stephanie A. Gallagher
United States Magistrate Judge